[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 02-12829

———————————————

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 25, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00054 CV-1-MMP

TRAVELERS INDEMNITY COMPANY,

Plaintiff-Counter-
Defendant-Appellant,

versus

PCR INCORPORATED,

Defendant-Counter-
Claimant-Appellee,

DEBRA TURNER, As Personal
Representative of the Estate of
Thomas Paul Turner III, JAMES
CREIGHTON, et al.

Defendants.

———————————————

Appeal from the United States District Court
for the Northern District of Florida

———————————————

(May 25, 2005)

Before EDMONDSON, Chief Judge, KRAVITCH and GIBSON[*], Circuit Judges.

PER CURIAM:

This case arises out of an insurance coverage dispute controlled by Florida law. It returns to this Court after we certified two questions to the Florida Supreme Court: (1) "Does Florida insurance law require a reading of specific intent into an insurance clause excepting from liability coverage '[b]odily injury intentionally caused or aggravated' by the insured?" and (2) "Is PCR in this case entitled to liability coverage based on the language of this policy agreement, read in the light of Florida's law of interpreting insurance policies?" Travelers Indem. Co. v. PCR Inc., 326 F.3d 1190, 1194 (11th Cir. 2003). The Florida Supreme Court answered "yes" to both. Travelers Indem. Co. v. PCR, Inc., 889 So.2d 779 (Fla. 2004). We now affirm the district court.

This matter began as a tort case in the Florida state court system, and the Florida Supreme Court ultimately concluded that issues of fact precluded summary judgment. Turner v. PCR, Inc., 754 So.2d 683, 691 (Fla. 2000). The parties here disputed whether the insurance policy between Travelers and PCR covered the harm alleged by the Turner plaintiffs. It does. The Florida Supreme Court said

---

[*]Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

2

that the insurance contract at issue covers against claims "brought under <u>Turner</u>'s objectively-substantially-certain standard, where the injured employee does not allege that the employer actually intended to cause injury." <u>Traveler's Indem. Co.</u>, 889 So.2d at 785.

Accordingly, the district court properly -- albeit for different reasons -- denied Traveler's motion for summary judgment and granted PCR's motion for judgment on the pleadings. We affirm.

AFFIRMED.